**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No. 17-cv-04002
MOHIUDDIN AHMED, on behalf of himself
individually and all others similarly situated,

                                              Plaintiff,

                                                                    **CLASS ACTION**
         -against-                                              **COMPLAINT**


CARSON SMITHFIELD, LLC,
                                            Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

                                      INTRODUCTION

       1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.     This action is also brought pursuant to New York General Business Law ("NYGBL") § 349 for an injunction and damages regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned an allegedly defaulted Merrick Bank Corporation ("Merrick Bank") credit card debt.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign limited liability company formed under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant sent plaintiff a collection letter dated May 30, 2017.

16. In the letter, defendant alleged that plaintiff owed a Merrick Bank debt.

17. The debt was alleged to be in default.

18. Defendant sent the letter to plaintiff in an attempt to collect the allegedly defaulted Merrick Bank debt.

19. The letter was defendant's first communication with plaintiff in connection with the collection of the debt.

20. The letter was defendant's first written communication with plaintiff in connection with the collection of the debt.

21. Defendant sent no letter to plaintiff within five days after the date on which defendant sent the letter dated May 30, 2017.

22. In the letter, defendant stated, in relevant part:

"IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW - FEDERAL NOTICE:

. . .

If you notify this office verbally or in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

23. Upon reading the letter, plaintiff believed that federal law permitted him to dispute the debt either verbally or in writing in order to obtain verification of the debt.

24. Upon reading the letter, plaintiff believed that federal law gave him the choice to dispute the debt either verbally or in writing and that each method is a valid manner in which to request verification of the debt.

25. Upon learning that federal law required him to dispute the debt in writing only in order to obtain verification of the debt and a cessation of debt collection until the verification is provided, and that a verbal request was not sufficient under federal law to obtain such verification or cessation, plaintiff felt annoyed, confused and surprised that defendant would fail to provide him with accurate information concerning his rights under federal law.

## AS AND FOR A FIRST CAUSE OF ACTION

## FDCPA § 1692g(a)(4)

26. Plaintiff re-alleges paragraphs 1-25 as if fully re-stated herein.

27. In its collection letter defendant stated, in relevant part:

"IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW - FEDERAL NOTICE:

. . .

If you notify this office verbally or in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

28. In its collection letter, defendant told plaintiff he may dispute the debt either verbally or in writing within 30 days from receipt of the letter in order for defendant to mail verification of the debt to plaintiff.

29. Defendant's said statement to plaintiff violates the FDCPA, § 1692g(a)(4).

30. The FDCPA, § 1692g(a)(4), requires that defendant notify plaintiff that he must timely dispute the debt *in writing* in order for defendant to have the duty to provide verification of the debt.

31. A verbal dispute is insufficient under § 1692g(a)(4) to preserve plaintiff's right to obtain verification of the debt.

32. A verbal dispute is insufficient under § 1692g(a)(4) to place the duty on defendant to provide verification of the debt.

33. Further, pursuant to § 1692g(b), as long as plaintiff disputes the debt *in writing* as required by § 1692g(a)(4), defendant must cease collection of the debt until defendant provides verification of the debt to plaintiff.

34. A verbal dispute by plaintiff is insufficient to preserve plaintiff's right to have defendant cease collection of the debt until defendant provides verification of the debt.

35. A verbal dispute by plaintiff is insufficient to place the duty on defendant to cease collection of the debt until defendant provides verification of the debt.

36. If plaintiff were to dispute the debt verbally, as defendant told plaintiff he may do, defendant would be under no duty under the FDCPA to provide verification of the debt to plaintiff.

37. If plaintiff were to dispute the debt verbally, as defendant told plaintiff he may do, defendant would be under no duty under the FDCPA to cease collection of the debt until defendant provides verification to plaintiff.

38. Defendant's above-quoted statement to plaintiff in its collection letter violates the FDCPA, § 1692g(a)(4).

AS AND FOR A SECOND CAUSE OF ACTION

NYGBL § 349

39. Plaintiff re-alleges paragraphs 1 to 38 as if fully re-stated herein.

40. Each of the deceptive acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

41. Defendant's deceptive acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

42. Defendant contacts hundreds of consumers within the State of New York each year by mail in an attempt to collect Merrick Bank debts.

43. Defendant's letter to plaintiff is typical of the letters defendant mails to consumers within the State of New York in attempts to collect Merrick Bank debts.

44. Defendant's letter to plaintiff is derived from a letter form.

45. Defendant's letter to plaintiff is derived from a letter template.

46. Defendant has a pattern of mailing collection letters to hundreds of consumers within the State of New York each year which inaccurately notifies such consumers of their rights under federal law.

47. Defendant's aforesaid inaccurate notification of the consumer's rights is consumer-oriented, in that the notification was not restricted to the collection letter which defendant mailed to plaintiff, but extended to, at a minimum, initial collection letters which defendant mailed to all consumers within the State of New York at all times relevant herein.

48. Defendant's said inaccurate notification of the consumer's rights has a broad impact on consumers at large whose accounts are placed with defendant for collection, because at all times relevant herein defendant mailed substantially the same initial letter to all consumers in the State of New York, all of which contained the inaccurate notification of the consumer's legal rights.

49. Defendant's inaccurate notification was deceptive in a material way in that New York State consumers receiving defendant's letters would believe, erroneously, that a timely verbal dispute of their debts would be sufficient to preserve their legal rights and to place certain legal duties on defendant.

50. Plaintiff is a reasonable consumer within the meaning of the NYGBL.

51. Upon learning that federal law required him to dispute the debt in writing only in order to obtain verification of the debt and a cessation of debt collection until the verification is provided, and that a verbal request was not sufficient under the law to obtain such verification or cessation, plaintiff felt annoyed, confused and surprised that defendant would fail to provide him with accurate information concerning his rights under federal law.

52. Defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

53. Plaintiff re-alleges paragraphs 1-52 as if fully re-stated herein.

54. This action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. § 1692g(a)(4). The class does not include defendant or persons who are officers, directors, employees or representatives of defendant.

55. The class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a collection letter concerning a consumer debt, which collection letter states, in sum or substance:*

*"If you notify this office verbally or in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."*

*from one year before the filing of this complaint to the date of the filing of this complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

56. Pursuant to Federal Rule of Civil Procedure 23(b)(3), a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA, § 1692g(a)(4), by sending letters to consumers which stated that the consumers may dispute their debts either verbally or in writing.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

57. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

58. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

59. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

60. As a result of the above violations, defendant is liable to plaintiff and the members of the class for an injunction and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding maximum statutory damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c) awarding maximum statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive acts and practices with respect to plaintiff pursuant to NYGBL § 349;

(g) awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(h) in the alternative, awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349; and

(j) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
July 6, 2017.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com